IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BENITA MAY CASAS, ) | |
| ) | |
| Plaintiff, ) | 4:09CV3244 |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

.
This is an action for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner"). Filing No. 1. Plaintiff appeals a final determination of the Commissioner disallowing her request for disability insurance benefits under 42 U.S.C. §§ 401 *et. seq.* Plaintiff filed her application for disability on December 4, 2006, under Title II and on December 13, 2006, for Supplemental Security Income alleging that she has not engaged in substantial gainful activity since February 28, 2005. The administrative law judge ("ALJ") held a hearing on March 4, 2009, and on April 30, 2009, found the plaintiff not entitled to benefits. On October 3, 2009, the Appeals Council affirmed the decision of the ALJ. Plaintiff contends the decision is not supported by substantial evidence and is contrary to law.

Plaintiff's past relevant jobs include working as a small product assembler and a sales attendant, as well as assembler, nurse's assistant, cook, communications consultant, janitor, materials handler and meat products laborer. At the time of her onset date she was 23 years of age and had an eleventh grade education. She was not working at the time of the hearing. Plaintiff stayed home and cared for her five children, ages two through eight.

Plaintiff's medical complaints include hemilaminectomy (surgical removal of the vertebral lamina on one side), decompression of the spinal cord, meniscus tear of the knee, and hemianopia (defective vision or blindness in one or both eyes). She had an EEG that revealed some epileptiform activity, and Dr. Brian Boes placed her on Trileptal and Depakote for seizures. At one point her visual acuity is 20/400 in the right eye and 20/200 in the left eye. Filing No. 9, Attach. 4 at 85, Attach. 7 at 338. It is unclear from the record if that is still the case.

Plaintiff testified that although she had surgery for her degenerative disc disease, her condition has not improved and she continues to have significant back pain. Her knee still causes her substantial pain, so much that she limps. She testified that she has five to seven grand mal seizures yearly, and the recovery thereafter is four or five days. She indicated that she does light household duties, including folding laundry, washing dishes and preparing meals. Plaintiff testified that she could walk three-quarters of a block and sit for 10 to 15 minutes at a time. She cannot drive because of the medications she takes. She can push but not pull and would have trouble lifting 10 pounds. She has a foggy memory because of the medications. Her medications include Advair, Albuterol, Flexeril, Hydrocodone, Oxycodone, Singular, Vicodin, and Trileptal.

## Substantial Evidence[1]

A disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result

---

[1] The ALJ made a comment that plaintiff "is divorced from her husband but still lives with him along with their five small children for whom she tends. The divorce would enhance State Welfare Benefits." Filing No. 1, Attach. 1 at 11. The court is unsure what relevancy that comment has to any issue in the case. Accordingly, the court will ignore the comment as irrelevant and not appropriate, as it is not supported by any evidence related to her medical condition.

in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. A claimant is disabled when the claimant is "not only unable to do his previous work but cannot, considering . . . his age, education and work experience, engage in any other kind of substantial gainful work which exists in [significant numbers in] the national economy . . . either in the region in which such individual lives or in several regions of the country." 42 U.S.C. § 432(d)(2)(A).  However, if an individual works and the work he or she performs is substantial gainful activity, then the individual is deemed not disabled regardless of his or her medical condition, age, education, and work experience.  20 C.F.R. § 404.1520. This is true "even if the claimant does in fact have an impairment." *Andler v. Chater,* 100 F.3d 1389, 1392 (8th Cir. 1996).

Substantial gainful activity is defined as work activity that is both substantial and gainful.  20 C.F.R. § 404.1572. Work activity is substantial if it involves performing significant mental or physical activities. *Id.* at § 404.1572(a). Work activity is gainful if it is performed, or usually performed, for pay or profit, regardless or whether a profit is realized. *Id.* at 404.1572(b).

When reviewing a decision to deny disability benefits, the district court does not act as a fact-finder or substitute its judgment for the judgment of the ALJ or the Commissioner. *Bates v. Chater,* 54 F.3d 529, 532 (8th Cir. 1995).  Rather, the district court will affirm the Commissioner's decision to deny benefits if it is supported by substantial evidence in the record as a whole.  *Eback v. Chater,* 94 F.3d 410, 411 (8th Cir. 1996).  Under this standard, substantial evidence means something "less than a preponderance" of the evidence, *Kelley v. Callahan,* 133 F.3d 583, 587 (8th Cir. 1998), but "more than a mere

3

scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971); accord *Ellison v. Sullivan*, 921 F.2d 816, 818 (8th Cir.1990). "Substantial evidence is that which a reasonable mind would find as adequate to support the ALJ's decision." *Brown v. Chater*, 87 F.3d 963, 964 (8th Cir. 1996) (citing *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996)).

In determining whether the evidence in the record as a whole is substantial, the district court must consider "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). If the district court finds that the record contains substantial evidence supporting the Commissioner's decision, the court may not reverse the decision because the record also contains substantial evidence that supports a different outcome or because the court would have decided the case differently. *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001).

*A. Medications*

Plaintiff argues that the ALJ failed to take into account the side effects of her prescribed medications. In determining both credibility and residual functional capacity ("RFC"), the side effects of prescribed medications must be taken into account (20 CFR 404.1529(c)(3)(iv); 20 CFR 404.1545(e). Plaintiff testified that the medications made her dizzy and nauseated and made her memory foggy. As previously indicated, her medications include Advair, Albuterol, Flexeril, Hydrocodone, Oxycodone, Singular, Vicodin, and Trileptal.[2] After reviewing the record, the court agrees with the plaintiff. The

---

[2] The ALJ also determined that plaintiff had some drug-seeking behavior, as she went to get a refill and forgot she had already refilled her Hydrocodone. There is no other evidence of drug addiction in this record and, thus, the court will discount this finding as irrelevant and without merit.

4

ALJ did not consider the effect of the medications on plaintiff's ability to work.  The court finds the failure to consider these medications in combination with her other illnesses and injuries is not supported by substantial evidence.

### *B.  Seizures*

Plaintiff claims she has had seizures since 2002.  The ALJ also determined that plaintiff's reported seizures were not substantiated by the record.  Filing No. 1, Attach. 1 at 11.  However, it is clear that plaintiff reported having seizures.  See Filing No. 9, Attach. 9 at 497, 513; and Attach. 10 at 592.  It is clear plaintiff took Trileptal and Depakote for the seizures.  Filing No. 9, Attach. 6 at 226, 232; Attach. 10 at 583 and 592.  As found by the vocational expert, discussed supra, when the plaintiff's testimony is credited regarding the number of seizures and her following recovery time, there are no jobs in the light work category that plaintiff can perform.  The court finds there is not substantial evidence for the ALJ's discrediting of the seizure evidence and testimony.

### *C.  Light Work*

The ALJ determined that the plaintiff can return to her past relevant work which is considered light work.  In order to be considered able to perform light work, one must be able to do a good deal of walking standing for up to six to eight hours per day.  SSR 83-10; 20 C.F.R. §§ 404.1567(b) and 416.967(b). Plaintiff contends that light work in her previous jobs required standing approximately six hours per day.  The state agency consultant completed an RFC on the plaintiff.  Dr. Jerry Reed determined that plaintiff could stand and/or walk for a total of at least two hours a day.  Filing No. 9, Attach. 7 at 256.  While the ALJ gave "great weight" to Dr. Reed's opinion, he apparently ignored Dr. Reed's statement

in this regard. It is clear from Dr. Reed's opinion and the testimony of plaintiff that she cannot stand or walk for the required six hours a day for jobs in the light work category. Accordingly, the court finds there is not substantial evidence to support this finding.

### D. Headaches

The ALJ discounted plaintiff's complaints of headaches. Yet, there were a number of references to her headaches and blinding flashes of light in her blind spot of her eye at least once per week. Filing No. 9, Attach. 8 at 438, 434; Attach. 7 at 338; Attach. 9, 470, 475, 552, 553, 497, 540, 544 and 534. Dr. Richard Legge diagnosed light induced headaches. Filing No. 9, Attach. 9 at 470. Plaintiff clearly has severe vision issues that apparently contribute to her headaches. Plaintiff reported headaches to her doctors on a number of occasions. There is not substantial evidence to support the ALJ's discounting of plaintiff's headaches.

### E. Vocational Expert

Plaintiff argues that the ALJ erred in not posing a hypothetical that contained all her significant impairments. To assist an ALJ making a disability determination, a vocational expert ("VE") is many times asked a hypothetical question to help the ALJ determine whether a sufficient number of jobs exist in the national economy that can be performed by a person with a similar RFC to the claimant. A hypothetical question is properly formulated if it incorporates impairments "supported by substantial evidence in the record and accepted as true by the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). "[A] vocational expert's responses to hypothetical questions posed by an ALJ constitutes substantial evidence only where such questions precisely set forth all of the claimant's physical and mental

impairments." *Wagoner v. Bowen*, 646 F. Supp. 1258, 1264 (W.D. Mo. 1986) (citing *McMillian v. Schweiker*, 697 F.2d 215, 221 (8th Cir.1983)).

Courts apply a harmless error analysis during judicial review of administrative decisions that are in part based on hypothetical questions. For judicial review of the denial of Social Security benefits, an error is harmless when the outcome of the case would be unchanged even if the error had not occurred. *See Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003). Because a VE's testimony may be considered substantial evidence "only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies," *Taylor v. Chater*, 118 F.3d 1274, 1278 (8th Cir. 1997) (*citing Porch v. Chater*, 115 F.3d 567, 572-73 (8th Cir. 1997), *and Pickney v. Chater*, 96 F.3d 294, 297 (8th Cir. 1996)), the court finds that the VE's testimony was not substantial evidence. A hypothetical question posed to a vocational expert as part of the RFC determination must precisely set out all the claimant's impairments that are supported by the evidence. *Pickney,* 96 at 297. The hypothetical question must capture the concrete consequences of a claimant's deficiencies. *Id.* Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Commissioner's decision. *Id.* at 296.

The ALJ did not include plaintiff's limitation of standing two hours a day, her headaches, the role her medications play in her ability to work, or her seizures. When asked to include plaintiff's grand mal seizures and the four to five days of recovery, the VE testified that would eliminate the plaintiff from work. Filing No. 9, Attach. 2 at 54. The

ALJ's failure to include these limitations in his hypothetical question to the VE is deficient and therefore not substantial evidence to support his finding of not disabled.

## CONCLUSION

The court finds that the ALJ's conclusion is not supported by substantial evidence. The ALJ 's determination is not adequately supported in his step-four finding.  The ALJ failed to adequately consider plaintiff's inability to stand more than two hours in an eight-hour workday.  The hypothetical as posed to the VE did not consider plaintiff's inability to stand only two hours in an eight-hour work day. "[W]hen the Secretary errs at a stage in the determination at which the burden is still on the claimant to prove she is entitled to benefits, the proper relief is to remand to the Secretary so he can resume consideration of the claim." *Benskin v. Bowen*, 830 F.2d 878, 885 n.2 (8th Cir. 1997).  Based on the record before the court, it does not appear that plaintiff can return to light work.  On remand, the ALJ must consider whether the claimant can do sedentary work.  The ALJ must consider plaintiff's complaints of headaches, her seizure disorder, her medications, her inability to stand for more than two hours in an eight-hour day, and her severe visual problems.  In addition, the ALJ must consider these ailments in conjunction with each other, and not as separated isolated issues.  The ALJ noted that "the undersigned gives great weight to the opinions of the State Agency Reviewing Physicians."  Filing No. 9, Attach. 2, at 18.  On remand, the ALJ should consider giving "great weight" to the treating physicians in this case, as required by Eighth Circuit law.

THEREFORE, IT IS ORDERED that this case is remanded to the Commissioner for further consideration as stated herein.

DATED this 8th day of February, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.