IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BENITA MAY CASAS,<br><br>                Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration;<br><br>                Defendant. | 4:09CV3244<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b). Filing No. 35. The defendant ("Commissioner") filed a response on June 12, 2012. Filing No. 38. Plaintiff filed a reply on June 14, 2012. Filing No. 39. Plaintiff previously received an award in the matter under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $3,600.43. Filing No. 34.

      The parties do not disagree that plaintiff is entitled to an award under 42 U.S.C. § 406(b). However, the parties disagree on three issues. First, plaintiff requests that this court find that the request for $15,753.00 is reasonable. Commissioner argues that this amount is unreasonable because it is the equivalent of charging a de factor hourly rate of $943.29 that would result in a windfall for the plaintiff. Second, plaintiff acknowledges that if counsel receives the § 406(b) award, counsel must reimburse his client the EAJA award. Plaintiff requests that the court reduce the amount of EAJA reimbursement to $2,916.68. Commissioner argues that counsel must refund the entire EAJA award to plaintiff. Third, plaintiff's counsel requests that the Social Security Administration ("SSA") send part of the § 406(b) award directly to his client to cover the amount that

counsel must refund plaintiff of the reimbursed EAJA award. Commissioner asks the court to order counsel to refund the entire EAJA fee. The court will address each of these arguments in turn.

**1. Reasonableness of the § 406(b) fee**

Plaintiff seeks an award of attorney fees pursuant to § 406(b) in the amount of $15,753.00. This amount is 25% of plaintiff's past-due benefits.[1] Plaintiff has shown that this fee is contemplated by the fee agreement between plaintiff and counsel.[2] Commissioner argues that an award of $15,753.00 would result in a windfall to plaintiff's counsel because the award is the equivalent of a de facto hourly rate of $943.29, a higher de facto rate than any rate cited by plaintiff in plaintiff's motion.[3]

The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (internal quotation marks omitted). Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. 42 U.S.C. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2011).

---

[1] The SSA withheld $15,753.00 as 25% of past-due benefits. Filing No. 37-3.

[2] The relevant portion of the fee agreement states: "To the extent permitted by law, the amount of the fee will be the larger of the following amounts: A. a portion of Client's past due benefits awarded by the court as an attorney's fee, but not to exceed twenty-five percent of total past due benefits." Filing No. 37-1.

[3] In plaintiff's motion, Filing No. 35, plaintiff cites to cases with de facto hourly rates of $327.80, $519.25, $603.11, $603.86, and $717.49. Filing No. 36.

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. However, a contingency-fee agreement that provides for fees in excess of the boundary imposed by Congress, 25% of past-due benefits, is *per se* unreasonable.  See *id.*; 42 U.S.C. § 406(b)(1)(A).  If the contingency-fee agreement is at or below the 25% boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered. *Gisbrecht*, 535 U.S. at 807.

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable.  *Id.*  A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved.  *Id.* at 808.  To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case.  *Id.*; *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate").  Courts may also reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel," such as where an attorney delays a case to increase the attorney's share of "past-due" benefits. *Rodriquez*, 865 F.2d at 746; *Gisbrecht*, 535 U.S. at 808.

Plaintiff requests $15,753.00, an amount that is 25% of plaintiff's past benefit award and is agreed to by the fee agreement. Commissioner argues that this fee is unreasonable because under this request the de facto hourly rate is $943.29. The court notes that this amount is not *per se* unreasonable, because it is at the 25% limit contemplated in § 406(b). However, this court must also conduct an independent check to ensure that counsel does not receive a windfall. This court should make a downward adjustment if the fee is large compared to the time spent on the case. Counsel spent 16.7 hours on this case. While the hourly rate is not dispositive to the question of reasonableness, it is a significant factor. Plaintiff points to one case, *Weaver v. Astrue*, 3:06-cv-00426/LAC/EMT (N.D.Fla. 2008), to support the proposition that a de facto hourly rate this high may be reasonable. In *Weaver*, the magistrate judge found that a de facto hourly rate of $1,203.47 was reasonable. The district court accepted the magistrate judge's recommendation. Of interest to this court is that the magistrate judge specifically noted that the defendant in that case was not necessarily objecting to the amount of the award. The Commissioner in this present case is objecting to the award amount, and the court finds that *Weaver* is not persuasive to allow a de facto hourly rate this high.

Although the court must also consider other factors in determining the reasonableness of an award, these other factors do not support an award this high. The court must consider the attorney's experience, the services provided, and the risk the attorney faced in taking this case. Counsel in this case is an experienced attorney who has handled Social Security disability benefits for thirty years. Filing No. 37-4 at 3.

4

Counsel handled the brief to this court and achieved success on remand to the ALJ. Counsel's representation was more than boilerplate pleadings. Finally, there is a recognized financial risk to attorneys involved in Social Security cases. However, this court finds that these factors do not rise to a level to support a de facto hourly rate of $943.29.

The requested fee of $15,753.00 is unreasonable when considering the de facto hourly rate and other factors, and would result in a windfall to plaintiff. Therefore, this court finds that a downward adjustment is appropriate and awards $7,876.50 under [§ 406(b)](). This amount seems reasonable in terms of the result in the case, the experience of counsel,

### 2. EAJA reimbursement amount

Plaintiff requests that the court reduce the EAJA reimbursement amount that counsel owes to his client to $2,916.68. Plaintiff received $3,600.43 under the EAJA from this court. In the order granting an EAJA award, this court recognized that the total $3,600.43 included $2,916.68 in attorney fees and $683.75 in paralegal and law clerk costs. Filing No. [34](). Commissioner argues that counsel must refund the entire EAJA award to plaintiff.

The plaintiff urges the court to follow *Talbott v. Bowen* in reducing the amount that counsel must reimburse his client. In *Talbott*, the Eighth Circuit considered an EAJA refund in the context of a contingent fee contract that awarded the attorney 25% of the claimant's past-due benefits. See [*Talbott v. Bowen*, 832 F.2d 111, 112 (8th Cir. 1987)]().

The circuit distinguished between attorney fees and expenses in the EAJA amount, and only required counsel to refund the attorney fees. *Id.*

The *Talbott* case is inapplicable to this case for several reasons. First, in the order awarding EAJA funds, this court did not characterize the paralegal and law clerk costs as expenses. Second, the EAJA statute and case law weigh in favor of treating the paralegal and law clerk costs in the same manner at attorney fees. The EAJA statutory language includes "fees and other expenses" as one phrase, however notes in the definition that "the amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(2)(A). The court interprets this language to mean that any cost counsel requests under the EAJA that depends on prevailing market rates is a fee, and not an expense. The United States Supreme Court supports this interpretation in *Richlin Security Service Company v. Chertoff*. In *Richlin*, the Court treated paralegal fees like attorney fees when determining the appropriate EAJA fee amount. *Richlin*, 553 U.S. 571, 581 (2007). The paralegal and law clerk costs in this case are properly characterized as fees rather than expenses. Therefore, the court finds that counsel must refund the entire EAJA award of $3,600.43 to his client.

### 3. Distribution of fees

Plaintiff's attorney requests that the SSA deduct the EAJA award amount from his 406(b) award and pay that amount directly to his client. Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b), however, a double recovery is not permitted. *Gisbrecht*, 535 U.S. at 796. When both

awards are granted, the attorney must refund the lesser award to the client. *Id.* "Thus, an EAJA award offsets an award under § 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* (quotations and ellipses omitted).

The parties disagree on the logistics of the refund. Plaintiff asks that the SSA subtract the EAJA award amount, $3,600.43, from his 406(b) award, and that the SSA then pay the $3,600.43 directly to the client. The Commissioner argues that the SSA should pay the full 406(b) fee to plaintiff's attorney, and then plaintiff's attorney will reimburse his client in the amount of $3,600.43.

The relevant text of § 406(b) states that the SSA shall "certify the amount of such fee for payment to such attorney." 42 U.S.C. 406(b)(1)(A). In *Gisbrecht*, the United States Supreme Court specifically recognizes that "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" 535 U.S. at 796. The plaintiff's offered approach is logical, but plaintiff does not cite any case law to support the proposition that *Gisbrecht* would not apply or that the court may stray from the statutory language on these facts. The court declines to stray from *Gisbrecht*, and finds that the SSA shall pay $7,876.50 to counsel.

THEREFORE IT IS ORDERED that:

1. The plaintiff's motion for attorney fees under 42 U.S.C. § 406(b), Filing No. 35, is granted.

7

2. The Commissioner is directed to pay plaintiff's counsel the amount of $7,876.50 in attorney fees and to release the balance of past-due benefits to the plaintiff.

3. Plaintiff's counsel is directed to refund $3,600.43, the entire EAJA award, to plaintiff.

Dated this 5th day of November, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge